Dear Sheriff Stephens:
This office is in receipt of your letter dated March 17, 1998 requesting an Attorney General Opinion as to the legality of the "lucky shamrock phone card dispenser sweepstakes promotion."
Your letter included photographs of the "Lucky shamrock phone card dispenser" as well as sample tickets, Opinions of the Kansas and Texas Attorney Generals' Offices, other letter opinions and literature. From review of the documentation provided it appears that the phone card dispenser, operated in accordance with the literature, constitutes an illegal gambling device, which is prohibited in the State of Louisiana. Having concluded the phone card dispenser is an illegal gambling device under Louisiana law, it is unnecessary to address the multitude of other legal issues raised in the material provided.
The relevant statutory provisions are La. R.S. 15:31 and 27:44
(formerly 4:505).
La. R.S. 15:31 provides in part:
 A. (1) All law enforcement officers of municipal police forces, sheriffs' departments, and the division of state police are hereby authorized and empowered and it is made mandatory and compulsory on their part to confiscate and immediately destroy all gambling devices or machines used for gambling that come to their attention.
 (2) Any gaming device or equipment in possession of a licensed manufacturer, seller, distributor, transporter, or repairman in this state shall not be subject to confiscation and destruction unless such device or equipment is being used for unlawful gambling activities. If such confiscated device or equipment is considered an antique under Louisiana law, the device may be sold and such proceeds shall go to the office of state police fund as provided in R.S. 47:7001.
B. As used in this section the term "gambling device" means:
 (1) any slot machine; or (2) any machine, mechanical or electronic device of any sort whatsoever with a cash automatic payout device; or (3) a pinball or other ball machine, mechanical or electronic device equipped with a mechanism to release the number of free games or replays and a mechanism to record the free games or free plays so released.
"Slot machine" is not defined under La. R.S. 15:31, however, La. R.S. 27:44 (24) provides:
 (24) "Slot machine" means any mechanical, electrical, or other device, contrivance or other machine, which, upon insertion of a coin, token, or similar object therein or upon payment of any consideration whatsoever, is available to play or, operate the play or operation of which, whether by reason of the skill of the operator or application of the element of chance, or both, may deliver or entitle the person playing or operating the machine to receive cash, premiums, merchandise, tokens, or anything of value, whether the payoff is made automatically from the machine or in any other manner.
It is assumed, for the purposes of this Opinion, that the device is not intended to be permitted and regulated under the provisions of La. R.S. 27:41 et seq., the Louisiana Riverboat Economic Development and Gaming Control Act, La. R.S. 27:201 et seq., the Louisiana Economic Development and Gaming Corporation Law, La. R.S. 27:351 et seq., the Louisiana Pari-mutuel Live Racing Facility Economic Redevelopment and Gaming Control Act, La. R.S. 33:4861.1 et seq., the Charitable Raffles, Bingo and Keno Licensing Law, or R.S. 47:9000 et seq., the Louisiana Lottery Corporation law.
The device in question appears to meet all requirements of a "slot machine" as defined at La. R.S. 27:44 (24). It is noted that the device resembles a traditional casino-type slot machine with simulated or actual spinning reels and payout slot. In addition to receiving a phone card, a player may win from one dollar to five hundred dollars depending on certain configurations of characters or denominations on the phone cards dispensed from the machine.
It is therefore, the "element of chance" as provided in La. R.S.27:44 (24) which entitles the person who has deposited coin, cash or other consideration to receive cash, premiums, or anything of value. La. R.S. 27:24 (44) does not make a distinction between 1) a device which dispenses playing pieces where winners have been determined randomly prior to being loaded into the device and 2) a device equipped with a random number generator or other method for the device to determine winning plays.
Accordingly, it is the opinion of this office that the device described known as the "lucky shamrock phone card dispenser" appears to fall under the definition of slot machine in La. R.S.27:44 (24) and is therefore prohibited under La. R.S. 15:31.
Sincerely,
Richard P. IeyoubATTORNEY GENERAL
By: __________________________ Thomas A. Warner, III Assistant Attorney General
TAW/epd